IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CV 17-123-GF-DLC |
| --- | --- |
| Plaintiff, | CR 13-081-GF-DLC |
| vs. | ORDER RECHARACTERIZING AND DENYING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| JAMES CRAIG ZANDER, | |
| Defendant. | |

This case comes before the Court on Defendant Zander's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," filed in this Court on November 6, 2017. Zander is serving a term of supervised release and is proceeding pro se.[1]

Zander was advised the Court intended to recharacterize his petition as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Zander was given an opportunity to add to his petition or, if he did not want it to be recharacterized, to withdraw it. See Order (Doc. 157) at 2. Zander responded to the Order by insisting that he wants to proceed with his petition in the fashion he believes appropriate. See Resp. to Order (Doc. 161) at 1. He also purported to add Judge Morris, who presided over sentencing, and Chief United States Probation

---

[1] Judge Morris recused himself on December 6, 2017 (Doc. 162). The matter was reassigned.

1

Officer Tom Holter as respondents to his habeas petition. *See id.* at 1-2.

Because Zander's petition challenges the validity of the criminal judgment, it is recharacterized as a motion under 28 U.S.C. § 2255. *See, e.g.*, Pet. (Doc. 156) at 1, 2, 15; *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

A motion under § 2255 is a motion in the criminal case. The United States and Zander are the only parties to the criminal case. Zander loses no legal right under § 2255 that he would otherwise have if he proceeded with habeas petition. Therefore, there is no need to consider Zander's purported naming of Judge Morris and Chief Holter as respondents. *See, e.g., United States v. Hayman*, 342 U.S. 205, 214-19 (1952).

Zander states that he intends to show "jurisdictional and constitutional inadequacies of faults that render the Court's judgment a nullity." Pet. (Doc. 156) at 2. This action is, as noted, a criminal action, not a civil lawsuit, an action in admiralty, or a contract matter under the Uniform Commercial Code. Zander's interpretation of the law is idiosyncratic and unpersuasive. The Court had jurisdiction under 18 U.S.C. § 3231.

A certificate of appealability is denied because Zander does not make a substantial showing that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED:

1. Zander's petition (Doc. 156) is RECHARACTERIZED as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

2. So recharacterized, the motion is DENIED for lack of merit.

3. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Zander files a Notice of Appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 17-123-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Zander.

DATED this 12th day of December, 2017.

Dana L. Christensen, Chief Judge
United States District Court